IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
Case No. 2:18-cv-00003-BO

ATLANTIC COAST PIPELINE, LLC,

    *Plaintiff*,

v.

0.25 ACRE, MORE OR LESS, IN NORTHAMPTON COUNTY, NORTH CAROLINA, *et al.*,

    *Defendants*.

**ORDER ON PENDING MOTIONS AND GRANTING FINAL JUDGMENT**

This matter comes before the Court on the Court's Order Lifting Stay entered May 16, 2023 (Doc. 71), as well as on the following motions filed by plaintiff Atlantic Coast Pipeline, LLC ("Atlantic") and pending before the Court:

    (a)    the Motion to Dismiss Settled Party filed by Atlantic with respect to defendant Essie Mae Edwards (the "Edwards Motion to Dismiss") [Doc. 74];

    (b)    the Motion for Clerk's Entry of Default filed by Atlantic (the "Motion for Entry of Default") [Doc. 72];

    (c)    the Motion for Default Judgment on all issues other than just compensation filed by Atlantic with respect to all defendants other than Ms. Edwards (the "Motion for Default Judgment") [Doc. 75].

The Court, having conducted a hearing at which plaintiff Atlantic Coast Pipeline, LLC ("Atlantic") appeared and was represented by its counsel, and having received and reviewed Atlantic's evidence of the amount of just compensation owed by Atlantic in this action as well as

other matters of record, and the Court being further advised in the premises, hereby ORDERS as follows:

1. With respect to the currently pending motions:

   a. The Edwards Motion to Dismiss [Doc. 74] is hereby GRANTED pursuant to Rule 71.1(g) and (i)(2), and the Clerk of the Court is directed to terminate Essie Mae Edwards as a defendant in this action;

   b. The Motion for Entry of Default [Doc. 72] is hereby GRANTED with respect to all defendants other than Essie Mae Edwards; and

   c. The Motion for Default Judgment is hereby GRANTED on all issues other than just compensation with respect to all defendants other than Essie Mae Edwards.

2. With respect to the issue of just compensation, the Court finds that the total value of the easements condemned in this action as to the real property described in the operative complaint is $200.00, and based upon Atlantic's evidence which estimates that the remaining defendants hold 83.33% of the ownership interests in such real property, awards just compensation in the amount of $166.67 (the "Just Compensation Amount") to the defendants in this action other than Essie Mae Edwards (the "Non-Responding Defendants").

3. Pursuant to Fed. R. Civ. P. 71.1(j)(1), within sixty (60) days of this Order, plaintiff Atlantic Coast Pipeline, LLC ("Atlantic") shall deposit the Just Compensation Amount with the Clerk of the Court in the form of a cashier's or official bank check and electronically shall file a notice with the Court which confirms that such deposit has occurred.

4. Upon deposit of the Just Compensation Amount by Atlantic as described in paragraph 2 above, the Court DIRECTS the Clerk to place those funds in the Court's Registry

Investment System (C.R.I.S.) administered by the Administrative Office of the United States Courts as Custodian, pursuant to Fed. R. Civ. P. 67 and/or Standing Order 17-SO-1, as applicable.

5. With respect to the Cash Bond previously posted by Atlantic in this action pursuant to the Court's Order dated March 16, 2018, Doc. 28, in the amount of $9,003.00 (see also Doc. 29-1) upon Atlantic's deposit of the Just Compensation Amount, the Court DIRECTS the Clerk of Court to return such cash bond to Atlantic by delivering a check in the amount of $9,003.00, plus accrued interest, if applicable, made payable to "Atlantic Coast Pipeline, LLC" in care of its attorney, Henry L. Kitchin, Jr., at Post Office Box 599, Wilmington, North Carolina 28402.

6. With respect to the Surety Bond previously posted by Atlantic in this, and other, condemnation actions (see Doc. 31), upon Atlantic's deposit of the Just Compensation Amount in this matter and in case numbers 4:18-cv-00021-BO and 4:18-cv-00015-BO, the Clerk of the Clerk is directed to mail or otherwise deliver the original of the certified surety bond (Doc. 31) to the following: Henry L. Kitchin, Jr., at Post Office Box 599, Wilmington, North Carolina 28402.

7. Atlantic shall record a copy of this Order and the First Amended Complaint in Condemnation with all exhibits thereto, except Exhibits 2 and 3, among the land records for Northampton County, North Carolina; and

8. Once Plaintiff has satisfied the requirements set out in paragraphs 3 and 7 above, indefeasible title to the temporary easement sought in the First Amended Complaint in Condemnation shall vest in Atlantic Coast Pipeline, LLC.

9. Pursuant to Fed. R. Civ. P. 71.1(j)(2), if the Non-Responding Defendants wish to withdraw the funds representing the Just Compensation Amount, they shall file a motion for disbursement of funds with the Court and shall issue a certificate of service showing service of the motion on all other parties with a property interest in the same parcel or easement, if any. Parties

shall have fourteen (14) days to file a written objection with the Court. The Court will then resolve any objections and issue an Order on the withdrawal request. If there are no other parties with an interest in the property, the Court will permit disbursement only by a separate Order, but the fourteen-day period for objections will not apply.

10. Atlantic shall serve a copy of this Order on the landowner defendants (to the extent address information is available to Atlantic) within five (5) days of its entry and shall file a proof of the same.

11. Upon completion of the tasks required of Plaintiff by Paragraph 2 through 5 and 10 of this Order, the Court DIRECTS the Clerk to close this case.

It is so ORDERED.

ENTERED this __6__ day of __July__, 2023.

_Terrence W. Boyle_
HONORABLE TERRENCE W. BOYLE
United States District Judge